UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HSI TELECOMMUNICATIONS, INC. | CIVIL ACTION |
| VERSUS | NO. 11-2874 |
| BINH VAN CORPORATION<br> d/b/a DAY & NIGHT DISCOUNT | SECTION "N" (3) |

## ORDER AND REASONS

Presently before the Court is the "Motion to Dismiss Counterclaim Pursuant to Rule 12(b)(6) that was filed by Plaintiff, HSI Telecommunications, Inc. (hereinafter "HSI")(Rec. Doc. 13). For the reasons stated herein, **IT IS ORDERED** that the motion is **GRANTED** to the extent that the counterclaim filed by Defendant, Binh Van Corporation (hereinafter "BV"), Plaintiff's action is **DISMISSED WITHOUT PREJUDICE**. If BV desires to proceed further with its counterclaim, it must seek leave, no later than twenty (20) days from the entry of this Order and Reasons, to file an amending and superseding counterclaim remedying the pleading deficiencies identified herein. The amending and superseding counterclaim must include all of the allegations from BV's original counterclaim (Rec. Doc. 6) on which it continues to rely, as well as its additional allegations. If BV cannot, or does not, cure these deficiencies by timely amendment, the Court shall, upon motion by HSI, order its dismissal of BV's counterclaim to be with prejudice.

## **BACKGROUND**

As stated in its opposition memorandum (Rec. Doc. 14), BV's counterclaim alleges:

> Binh Van is the owner and operator of a gasoline station and convenience store named "Day & Night Discount" which is located at 4039 Louisa Street in New Orleans, Louisiana. (Counterclaim, Rec. Doc. 6, at ¶ 5). HSI provides and operates air, vacuum and water equipment. (Id. at ¶ 7). On June 6, 2011, an HSI sales representative, Trey Galloway, appeared unsolicited at Day & Night Discount to speak with Binh Van's owner and president, Quang Anh "Richard" Le, who is from Vietnam and speaks English as a second language. (Id. at ¶ 8). At that time, Mr. Galloway pressured Mr. Le to sign an HSI Vending Agreement that would grant HSI the exclusive right to install and operate its air, vacuum and water equipment at the Day & Night Discount for a period of ten years with an automatic renewal for an additional five years. (Id. at ¶ 8).
>
> Mr. Le informed Mr. Galloway that he would not sign any agreement, especially one that lasted for 10-15 years, and that he already had another company, Public Payphone Company ("PPC"), operating air, vacuum and water equipment at the Day & Night Discount without a contract. (Id. at ¶ 9). In response, Mr. Galloway told Mr. Le that he was a friend of PPC's owner, Robert Schmidt, and that Mr. Schmidt already had agreed to remove PPC's equipment from the premises. (Id. at ¶ 10). Unknown to Mr. Le, this statement by Mr. Galloway was completely false because Mr. Schmidt was not friends with Mr. Galloway and had never agreed to remove this equipment. (Id. at ¶11). In reliance upon this statement, Mr. Le agreed to let HSI install its equipment at Day & Night Discount but refused to sign any long term agreement. (Id. at ¶ 12).
>
> Mr. Galloway then informed Mr. Le that it was necessary to sign some documents, including a Letter of Authorization, to allow HSI to coordinate with PPC about the removal of its equipment. (Id. at ¶ 13). Mr. Galloway then presented Mr. Le with the documents for execution but did not allow Mr. Le to actually see what he was signing, which in fact, turned out to be a ten year exclusive Vending Agreement. (Id. at ¶¶ 13-14). Upon learning that PPC never agreed to remove its equipment, Mr. Le refused to allow HSI to install its equipment. (Id. at ¶ 16).

Over the next few months, HSI representatives repeatedly came to visit unsolicited Day & Night Discount to harass Mr. Le, demanding that he comply with the Vending Agreement, order PPC to remove its equipment, and allow HSI to install new equipment. (Id. at ¶17). The harassment by HSI left Mr. Le threatened and intimidated. (Id. at ¶ 18).

On October 16, 2011, HSI filed a Verified Petition for Damages ("Petition") in the Civil District Court for the Parish of Orleans, State of Louisiana, alleging, among other things, that the Vending Agreement is valid and binding on Binh Van. Even after filing the instant suit, HSI continued to harass Mr. Le into complying with the Vending Agreement. *(Id. at ¶ 21).*

On November 17, 2011, BV removed HSI's action to this Court. Then, on December 12, 2011, BV filed a counterclaim, seeking a declaratory judgment that Mr. Le's consent to the Vending Agreement was vitiated by fraud. *See* Counterclaim (Rec. Doc. 6) at ¶¶ 22-27. BV's counterclaim also asserts a claim for damages arising out of the alleged fraudulent actions of HSI, and a corresponding claim for violation of the Louisiana Unfair Trade Practices and Consumer Protection Law. *Id.* at ¶¶ 28-35.

In its motion to dismiss, HSI argues that BV is attempting to side-step its contractual obligations by asserting claims based on meritless and unverified allegations of fraud that do not meet the heightened pleading requirement of Rule 9(b) of the Federal Rules of Civil Procedure. HSI additionally contends that BV cannot maintain a Louisiana Unfair Trade Practices Act ("LUTPA") claim because it cannot demonstrate that it has suffered any ascertainable loss, for purposes of La. R.S. § 51:1409(A), as a result of the alleged unfair trade practice.

3

## **LAW AND ANALYSIS**

As discussed in *Bishop v. Shell Oil Co.*, No. 07-2832, 2008 WL 2079944, *1-2 (E.D. La. 5/16/08) (Engelhardt, J.), Rule 8 of the Federal Rules of Civil Procedure requires that the complaint provide the defendant with "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema*, 534 U.S. 506, 511, 122 S. Ct. 992, 998 (2002) (internal citations omitted); *see also Christopher v. Harbury*, 536 U.S. 403, 416, 122 S. Ct. 2179, 2187 (2002) (the elements of the plaintiff's claim(s) "must be addressed by allegations in the complaint sufficient to give fair notice to a defendant"). Although a complaint does not need "detailed factual allegations, . . . more than labels and conclusions are necessary, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (internal citations and quotations omitted); *see also Papasan v. Allain,* 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Thus, "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 (5th Cir. 2007) *(quoting Twombly,* 550 U.S. at 570)).[1] The degree of required specificity, however, depends on context, *i.e.*, the type of claim at issue. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

---

[1] The Tenth Circuit Court of Appeals has described *Twombly* as "seek[ing] to find a middle ground between 'heightened fact pleading,' which is expressly rejected [relative to Rule 8] . . . and allowing complaints that are not more than 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action,' which the Court stated 'will not do.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

In evaluating motions to dismiss filed under Rule 12(b)(6), the Court "must accept all well-pleaded facts as true, and . . . view them in the light most favorable to the plaintiff." *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir.), *cert. denied*, 476 U.S. 1159, 106 S. Ct. 2279 (1986). If sufficient notice of the basis of the plaintiff's claim is provided, "dismissal will not be affirmed if the allegations [made] support relief on any possible theory" of recovery. *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 261 (5th Cir. 1999) (internal citations omitted). Moreover, "[a]ll questions of fact and any ambiguities in the controlling substantive law must be resolved in the plaintiff's favor." *Lewis v. Fresne,* 252 F.3d 352, 357 (5th Cir. 2001). Finally, to the extent that the complaint's allegations are simply vague or ambiguous, a motion for more definite statement, pursuant to Rule 12(e), is appropriate. *Swierkiewicz,* 534 U.S. at 514, 122 S. Ct. 998.

State law fraud claims are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), that is, a party alleging fraud must state the circumstances constituting fraud with particularity. *See* Fed. R. Civ. P. 9(b). Thus, to plead fraud adequately, a claimant must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Sullivan v. Leor Energy, LLC,* 600 F.3d 542, 550-51 (2010).

As set forth in *Williams v. Interstate Dodge Inc.*, 45,159 (La. App. 2d Cir. 4/14/10) 34 So.3d 1151, 1156, under Louisiana law:

> [C]onsent may be vitiated by error, fraud, or duress. La. C.C. art. 1948. [Louisiana Civil Code article] 1953 provides:
>
> Fraud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from

5

silence or inaction.

There are three basic elements to an action for fraud against a party to a contract: (1) a misrepresentation, suppression, or omission of true information; (2) the intent to obtain an unjust advantage or to cause damage or inconvenience to another; and (3) the error induced by a fraudulent act must relate to a circumstance substantially influencing the victim's consent to (a cause of) the contract. *Shelton v. Standard/700 Associates,* 01–0587 (La.10/16/01), 798 So.2d 60; *Taylor v. Dowling Gosslee & Associates, Inc.*, 44,654 (La. App.2d Cir.10/7/09), 22 So.3d 246, *writ denied*, 09–2420 (La.2/5/10), 27 So.3d 299. In addition to the intent to defraud or gain an unfair advantage, there must also be a resulting loss or damage. *Sun Drilling Products Corp. v. Rayborn,* 00–1884 (La. App. 4th Cir.10/3/01), 798 So.2d 1141, *writ denied*, 01–2939 (La.1/25/02), 807 So.2d 840; *Cooksey v. Heard, McElroy & Vestal, L.L.P.*, 44,761 (La. App.2d Cir. 9/23/09), 21 So.3d 1011.

Fraud does not vitiate consent when the party against whom the fraud was directed could have ascertained the truth without difficulty, inconvenience, or special skills. La. C.C. art. 1954; *Martin v. JKD Investments, LLC,* 42,196 (La. App.2d Cir.6/20/07), 961 So.2d 575. Fraud is generally not available when one had the opportunity to read the contract and by doing so could have discovered the misrepresentation. *Martin, supra*; *Heyl v. Heyl*, 445 So.2d 88 (La. App. 2d Cir.1984), *writ denied*, 446 So.2d 1288 (La.1984); *Mitchell v. Bertolla*, 397 So.2d 56 (La. App. 2d Cir.1981), *writ denied,* 400 So.2d 669 (La.1981).

[S]ignatures are not mere ornaments. *Tweedel v. Brasseaux*, 433 So.2d 133 (La.1983). A person who signs a written instrument is presumed to know its contents and cannot avoid its obligations by contending that he did not read it, or that it was not explained or that he did not understand it. *Southern Treats, Inc. v. Titan Properties, L.L.C.*, 40,873 (La. App.2d Cir.4/19/06), 927 So.2d 677, *writ denied,* 06–1170 (La.9/15/06), 936 So.2d 1271; *First South Farm Credit, ACA v. Gailliard Farms, Inc.,* 38,731 (La. App.2d Cir. 8/18/04), 880 So.2d 223.

Applying the foregoing principles here, the Court agrees that BV's fraud allegations are inadequate. For instance, BV alleges that Mr. Le relied upon Mr. Galloway's false statement

that he was a friend of PPC's owner, Robert Schmidt, and that Mr. Schmidt already had agreed to remove PPC's equipment from the premises. BV does not explain, however, why Mr. Le could not have easily ascertained the truth to this statement by contacting Mr. Schmidt himself and/or why his reliance on Mr. Galloway's statement was legally reasonable under Article 1954. Similarly, regarding Mr. Le's signing of the Vending Agreement, BV alleges that, at the outset, Mr. Galloway discussed signing such an agreement with Mr. Le. Although BV additionally contends that Mr. Le later "agreed to let HSI install its equipment at Day & Night Discount but refused to sign any long term agreement," there is no explanation of why that change in terms was agreeable to Mr. Galloway (on behalf of HSI). *See* Opposition (Rec. Doc. 14) at 2. Further, there is no explanation of why Mr. Le, a businessman, signed a document for which he was not "allow[ed] . . . to actually see what he was signing." or how he was not "allow[ed] to see" the document. *Id.* at 2.

Accordingly, the Court finds that HSI's motion to dismiss should be granted.[2] If BV desires to proceed further with its counterclaim, it must seek leave, no later than twenty (20) days from the entry of this Order and Reasons, to file an amending and superseding counterclaim remedying the pleading deficiencies identified herein. The amending and superseding counterclaim must include all of the allegations from BV's original counterclaim (Rec. Doc. 6) on which it continues to rely, as well as its additional allegations. If BV cannot, or does not, cure these deficiencies by timely amendment, the Court shall, upon motion by HSI, order its dismissal of BV's

---

[2] Given the Court's conclusions regarding BV's fraud allegations, the Court does not address HSI's argument that BV cannot maintain a LUTPA claim because it has not suffered an "ascertainable loss" from a violation of the statute. The Court notes, however, that HSI has not addressed BV's contention that lost time and expenses, including attorney's fees, resulting from BV's efforts to enforce an allegedly unlawful (fraudulent) contract constitute an "ascertainable loss" for purposes of LUTPA.

7

counterclaim to be with prejudice.

## Conclusion

As stated herein, **IT IS ORDERED** that the motion to dismiss presently before the Court is granted. Any amendments ordered by the Court are to be made, in accordance with the Court's instructions herein, no later than twenty (20) days following entry of this Order and Reasons.

New Orleans, Louisiana, this 14th day of June 2012.

_____
**KURT D. ENGELHARDT**
**United States District Judge**